IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Randall Lee Daniels, ) | |
| ) | Cr. No.: 3:04-132-MBS |
| Movant, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER AND OPINION** |
| United States of America, ) | |
| ) | |
| Respondent. ) | |
| ) | |

Movant Randall Lee Daniels is an inmate in the custody of the Federal Bureau of Prisons. On January 31, 2007, Movant, proceeding *pro se*, filed the within motion and accompanying memorandum under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. Movant contends that he received ineffective assistance of counsel in violation of his Fifth and Sixth Amendment rights. The government responded in opposition and moved for summary judgment on May 17, 2007. On May 18, 2007, the court issued an order pursuant to Roseboro v. Garrison, 528 F2d. 309 (4th Cir. 1975), advising Movant of the summary judgment procedure and the consequences of failing to respond adequately to the government's motion for summary judgment. On June 11, 2007, Movant responded to the government's summary judgment motion and moved the court for an evidentiary hearing.

I. FACTS

On January 31, 2005, Movant pleaded guilty to one count of conspiracy to possess with intent to distribute and to distribute 5 kilograms or more of cocaine in violation of 21 U.S.C. § 856, and to one count of conspiracy to launder money, in violation of 18 U.S.C. § 1956(h) and 2. On October 3, 2005, after this court overruled Movant's objections regarding drug weights and enhancements, but sustained Movant's objection regarding acceptance of responsibility, Movant was

sentenced to 360 months imprisonment to be followed by 5 years supervised release. Judgment was entered on October 11, 2005. Movant appealed to the Fourth Circuit Court of Appeals. His conviction and sentence were affirmed on July 10, 2006. See United States v. Daniels, 189 F. App'x 199 (4th Cir. 2006)(unpublished).

## II. DISCUSSION

Movant contends that he received ineffective assistance of counsel at the trial and appellate levels. To prove ineffective assistance of counsel, Movant must show that trial counsel's performance was deficient. See Strickland v. Washington, 466 U.S. 668, 687 (1984). An attorney's performance is deficient when it is not reasonable under prevailing professional norms. Id. at 688. There is a strong presumption that defense counsel's conduct is within the wide range of reasonable professional assistance, and the court is required to grant broad deference to scrutinizing an attorney's performance. Id. at 688-89.

Movant also must demonstrate that he was prejudiced by trial counsel's alleged deficient performance, in that because of trial counsel's unprofessional errors, the result of the proceeding would have been different. See id. at 694. Strickland requires Movant to "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." See id. at 690. The court then must "determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Id. Even if counsel's performance is outside the wide range of professional assistance, an error by counsel will not warrant setting aside the conviction if the error had no effect on the judgment. Id. at 694. Moreover, when challenging a guilty plea premised on ineffective assistance of counsel, a defendant must show that trial counsel's performance was deficient and that, but for counsel's errors, the defendant would not have pleaded guilty, and would have insisted on

going to trial. Hill v. Lockhart, 474 U.S. 52, 58-59 (1985).

A criminal defendant's right to effective assistance of counsel continues through a direct appeal. See Evitts v. Lucey, 469 U.S. 387 (1985). Ineffective assistance of appellate counsel may be shown if a defendant can establish that counsel omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker. Mayo v. Henderson, 13 F.3d 528 (2d Cir.1994). The presumption of effective assistance of counsel generally will be overcome only when ignored issues are clearly stronger than those presented. Id. at 533. "[A] criminal petitioner has not necessarily received ineffective assistance when his counsel fails to present every non-frivolous issue on appeal. An attorney may decline to appeal a non-frivolous issue if appealing a weak issue would have the effect of diluting stronger arguments on appeal." Jones v. Barnes, 463 U.S. 745, 752 (1983).

A.      Guilty Plea (Ground one)

Movant alleges that trial counsel was ineffective for failing to raise at sentencing or on appeal an issue that Movant's plea was not freely and voluntarily made. Movant contends that he understood that he was facing a mandatory minimum sentence of ten years, but that he would receive a sentence reduction for his cooperation that would result in a lesser sentence.

> In deciding whether a guilty plea is constitutionally valid, the court must consider: whether the guilty plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant. In applying this standard, courts look to the totality of the circumstances surrounding the guilty plea, granting the defendant's solemn declaration of guilt a presumption of truthfulness. . . . Absent clear and convincing evidence to the contrary, [Movant] is bound by the representations he made during the plea colloquy.

Walton v. Angelone, 321 F.3d 442, 462 (4th Cir. 2003) (citations omitted).

Fed. R. Crim. P. 11(b)(1) provides that "[b]efore the court accepts a plea of guilty . . . the defendant may be placed under oath, and the court must address the defendant personally in open

court." The court must determine that the plea is voluntary, that a factual basis exists for the plea, and that the defendant understands his rights, including the effect that a guilty plea has on those rights. Id. In compliance with Rule 11, the court addressed Movant in open court and ensured that he understood the charges against him, the penalties he faced, and his constitutional rights. The court also questioned Movant about his lawyer, to which Movant replied that he was completely satisfied with the representation he had received. Further, the court both informed and confirmed Movant's understanding of the uncertainty of predicting his sentence, the potential effect of relevant conduct on his sentence, and of the implications of pleading guilty. During the proceeding, the government summarized the terms of the plea agreement. Movant not only agreed with the government's summary, but he also indicated that he believed that the agreement was in his best interests. After the court queried him, Movant indicated he was voluntarily entering into his plea and that he was not promised anything beyond the terms of the plea agreement.

The court finds that Movant's plea was knowingly and voluntarily made. As such, trial counsel was not ineffective for failure to raise on appeal a meritless claim concerning the alleged involuntary nature of Movant's guilty plea. See Bolender v. Singletary, 16 F.3d 1547, 1573 (11th Cir. 1994) (stating that it is axiomatic that failure to raise a meritless objection cannot serve as a ground for ineffective assistance of counsel).

B.     Proffer Agreement (Grounds one and three)

Movant further asserts that trial counsel was ineffective for not informing him that he would be subject to additional uncharged enhancements and that his proffer would be used against him for sentencing purposes. The court disagrees.

Movant signed the proffer agreement on March 16, 2004. As the Fourth Circuit noted on appeal, a proffer agreement operates like a contract. See United States v. Daniels, 189 F. App'x

199, 201 (4th Cir. 2006). The express terms of the agreement required Movant to be truthful and pass a polygraph test to the satisfaction of the government if he was requested to undergo such a test. The proffer agreement further provided that if Movant breached his obligations under the agreement, the government would be authorized to use for any purpose any and all statements made and other information provided by Movant in the prosecution of Movant on any charge. See id.

Movant also signed a plea agreement on January 28, 2005. The plea agreement provided that it contained the entire agreement of the parties and that it superseded prior promises, representations, and statement of the parties. The plea agreement provided further that "any and all other promises, representations and statements, whether made prior to, contemporaneous with or after this agreement, are null and void.." The plea agreement required Movant to be fully truthful and forthright with federal law enforcement agents. The plea agreement specifically provided that if Movant was not fully truthful and forthright at any stage, the government, at its election, could use any and all information and testimony provided by the Movant in the prosecution of him of all charges. The plea agreement further provided that Movant agreed to submit to such polygraph examinations as might be requested by the government and that his failure to pass any such polygraph examination to the government's satisfaction would result, at the government's sole discretion, in the obligations of the government becoming null and void. Movant was queried extensively by the court regarding the plea agreement and whether he understood each provision of the plea agreement, including the requirement that he be truthful with law enforcement officers.

Movant submitted to a polygraph examination on May 11, 2005 in which the government determined that Movant was being deceitful regarding the location of assets. In addition, the government determined that Movant showed signs of deception regarding threatening the life of a law enforcement officer. As a result, Movant was determined to have breached his agreements

with the government.

Even assuming for purposes of the within § 2255 motion that trial counsel did not explain the terms of the proffer agreement to Movant, the court cannot conclude that Movant was prejudiced because the terms of the plea agreement make all prior agreements null and void. In addition, Movant was informed during the plea colloquy of his obligation to be truthful and the consequences of failing a polygraph. Moreover, trial counsel vigorously objected to the enhancements at sentencing. Movant's objections were considered by the court and overruled. Movant's claim is without merit.

C.     Motion to Withdraw Guilty Plea (Ground two)

Movant next contends that he received ineffective assistance of trial counsel with respect to his motion to withdraw his guilty plea. Movant contends trial counsel was ineffective for failing to argue factors set forth in United States v. Moore, 931 F.2d 245 (4th Cir. 1991). The court disagrees.

To warrant a withdrawal of a plea, a defendant has the burden of showing a "fair and just" reason for the withdrawal, even if the government has not shown that it would be prejudiced by the withdrawal. See United States v. Ewing, 957 F.2d 115, 119 (4th Cir. 1992). In Moore, the Fourth Circuit directed the trial court to examine the following factors: (1) whether the defendant has offered credible evidence that his plea was not knowing or not voluntary, (2) whether the defendant has credibly asserted his legal innocence, (3) whether there has been a delay between the entering of the plea and the filing of the motion, (4) whether defendant has had close assistance of competent counsel, (5) whether withdrawal will cause prejudice to the government, and (6) whether it will inconvenience the court and waste judicial resources. Moore, 931 F.2d at 248. The transcript of the sentencing proceeding demonstrates that the court reviewed the record and arguments and considered the factors set forth in Moore. As to the first factor, the court determined that Movant

had been advised during the guilty plea that his attorney could only give him an estimate of what his guideline range would be and that any sentence imposed might be different from any estimate Movant had received from his attorney; that the court would determine the guideline range after reviewing a presentence report; and that relevant conduct could be taken into account. As to the second factor, the court noted that Movant did not assert his innocence, and could not assert his innocence because of his admissions as set forth in the presentence report. As to the third factor, the court noted that Movant waited over seven months to attempt to change his plea. As to the fourth factor, the court found that Movant had the assistance of counsel, and Movant had stipulated in his plea agreement that his attorney had been more than competent. As to the fifth factor, the court determined that there would be substantial prejudice if the plea were withdrawn. The court did not specifically address the sixth factor, but nevertheless found that Movant had met no factor and that withdrawal of the guilty plea was not appropriate.

Assuming for purposes of the within § 2255 motion that trial counsel's performance was deficient for failing to specifically argue the Moore factors, Movant has failed to establish prejudice because the court reviewed the entire record and evaluated the relevant factors.

Movant contends that the issue was meritorious and should have been raised on appeal. In the court's view, Movant has failed to demonstrate that the issue regarding his motion to withdraw his guilty plea was clearly stronger than those issues raised to the Fourth Circuit. Movant's contentions are without merit.

D.   Prosecutorial Misconduct (Ground four)

Movant claims that the government committed prosecutorial misconduct when it refused to file a motion for downward departure pursuant to U.S.S.G. § 5K1.1. According to Movant, trial counsel was ineffective for failing to object to and appeal the government's decision. The court

disagrees.

Plea agreements contain a duty of good faith and fair dealing. United States v. Levaur, 172 F.3d 45, *2 (4th Cir. 1999) (unpublished)(citing United States v. Rexach, 896 F.2d 710, 714 (2d Cir.1990)). Where a plea agreement leaves discretion to the prosecutor, the court may entertain claims that the prosecutor failed to act in good faith in exercising that discretion. Id. (citing United States v. Vargas, 925 F.2d 1260, 1266 (10th Cir.1991)).

Movant's plea agreement provided that if Movant cooperated with the government and the cooperation resulted in substantial assistance to the government, the Government would agree to file a motion for downward departure pursuant to U.S.S.G. § 5K1.1. The plea agreement further provided, however, that Movant would submit to such polygraph examinations as requested by the government, and that his failure to pass the examination to the government's satisfaction would result in the government's obligations in the plea agreement becoming null and void.

As set forth hereinabove, Movant failed a polygraph examination. Movant's failure to pass the polygraph provided a sufficient basis to consider the plea agreement breached, thereby voiding the government's obligations under the agreement, including its obligation to move for a downward departure. See Levaur,172 F.3d at *2. Trial counsel was not ineffective for failing to argue at sentencing or raise on appeal a meritless claim concerning the government's failure to move for a downward departure under § 5K1.1. See Bolender v. Singletary, 16 F.3d 1547, 1573 (11th Cir. 1994) (stating that it is axiomatic that failure to raise a meritless objection cannot serve as a ground for ineffective assistance of counsel).

E.    Sentencing Enhancements (Ground five)

Movant asserts that his sentence violated the Fifth and Sixth Amendments, in contravention of Apprendi v. New Jersey, 530 U.S.466 (2000), Blakely v. Washington, 542 U.S. 296 (2004), and United States v. Booker, 543 U.S. 220 (2005).  Movant therefore contends that trial counsel was ineffective for failing to assert at sentencing that Movant's sentence was improperly enhanced based upon "judge found findings."  Movant also asserts that counsel was ineffective for failing to appeal the alleged violation of his constitutional rights.  The court disagrees.

As previously stated, absent a showing of an intervening change in law, "claims of error that were unsuccessfully litigated on direct appeal [may] not be relitigated on motion to vacate, set aside, or correct." Wagner, 377 F. Supp. 2d. at 508.  Trial counsel raised and argued the alleged Booker and Blakely violations on appeal.  The Fourth Circuit found that the district court did not violate Booker in sentencing Movant, noting that the district court "imposed a reasonable sentence within the Guideline range." United States v. Daniels, 189 F. App'x at 200.  Movant may not now relitigate those claims before this court.  Accordingly, Movant's claim is without merit.

F.    Drug Amounts in Indictment (Ground six)

Movant claims that trial counsel was ineffective for failing to argue that the indictment was ambiguous in that it charged him with conspiracy to possess with intent to distribute and to distribute "5 kilograms or more of cocaine" in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846.  Movant asserts that trial counsel should have argued that Movant was liable for only "5 kilograms" not "5 kilograms or more" of cocaine, which would have allowed him to be sentenced at a lower level under U.S.S.G. § 2D1.1(c)(4).   The court disagrees.

When imposing a sentence exceeding the statutory maximum, a specific threshold quantity must be charged in the indictment.  Jones v. United States, 526 U.S. 227, 243 n.6 (1999).  The

9

indictment in this case specified a threshold quantity of cocaine, and clearly charged Movant with participating in a conspiracy involving the distribution of at least five kilograms of cocaine. Trial counsel was not ineffective for failure to argue at sentencing or raise on appeal a meritless claim concerning the interpretation of the term "5 kilograms or more of cocaine."

### III. CONCLUSION

For the reasons stated above, Respondent's motion for summary judgment is **granted**. Movant's § 2255 motion is dismissed with prejudice.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

September 10, 2007

Columbia, South Carolina

### NOTICE OF RIGHT TO APPEAL

**Movant is hereby notified that he has the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**