IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| United States of America ) | |
| ) Cr. No. 3:04-132 | |
| vs. ) | |
| ) | |
| Randall Lee Daniels, ) | **ORDER AND OPINION** |
| ) | |
| Defendant. ) | |
| _____ ) | |

On May 27, 2020, Defendant Randall Lee Daniels filed a pro se motion for reconsideration of the court's denial of his motion to reduce sentence under the First Act, which order was filed on March 3, 2020. Defendant seeks compassionate release to home confinement[1] pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) as a new ground for a reduction in sentence. Under § 3582(c)(1)(A), the court, on motion of a defendant after (1) fully exhausting administrative rights to appeal a failure of the BOP to bring a motion on his behalf, or (2) the lapse of 30 days from the receipt of such a request by the warden of the facility, whichever is earlier, may reduce the term of imprisonment.

The First Step Act mandates the defendant exhaust administrative remedies prior to seeking relief in this court. *See Ross v. Blake*, 136 S. Ct. 1850, 1857 (2016) (finding "mandatory exhaustion statutes . . . establish mandatory exhaustion regimes, foreclosing judicial discretion"); *United States v. Monzon*, No. 99cr157, 2020 WL 550220, at *2 (S.D.N.Y. Feb. 4. 2020) (denying motion for reduction of sentence because defendant failed to exhaust his administrative remedies, but declining to decide whether exhaustion requirement is jurisdictional). Defendant does not allege he has made

---

[1]The court notes that, while it may have jurisdiction to reduce a sentence under § 3582(c)(1)(A) in certain circumstances, the Attorney General and the Director of the Bureau of Prisons have sole authority to release an inmate to home confinement. See section 12003 of the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136, 134 Stat. 281 (2020).

such a request to his warden, or exhausted his administrative remedies under § 3582(c)(1)(A).[2] Because the BOP has not brought this motion, and Defendant has not alleged he exhausted his administrative remedies, his motion for reconsideration (ECF No. 867) is **denied**, without prejudice.

**IT IS SO ORDERED.**

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

June 17, 2020

---

[2] Defendant must first apply to his Warden, and, if he receives a denial within 30 days, must appeal the Warden's denial to the Regional Director within 20 days and continue to appeal any denial until his administrative remedies are exhausted. See 28 C.F.R. part 542, subpart B. If the Warden does not act on the request within 30 days from its receipt, Defendant may reapply to this court.